### ROBERT G. JOHNSON v. THOMAS PENNINGTON.

When a party is sued in a court for the trial of small causes, he is not at liberty to bring a cross action, for a demand, which is the subject matter of a set off ; if not claimed as such, the right to recover it, is barred by the statute. *Rev. Laws,* 632, *Section* 14–15.

Where the error in the Justice's court, is of a nature such as not to prevent a fair and proper trial on the merits, in the Common Pleas on appeal, such new trial ought to be had ; but if the error ought to have arrested, or to have put an end to the action before the Justice, such should be its operation in the court above. The law will regard the fraction of a day, when attention to such fraction, is necessary to the due administration of justice.

It is competent to prove by a person not sworn before the Justice, what two deceased witnesses said on the first trial ? Quere ?

This was a *certiorari* directed to the Common Pleas of the county of Salem.

*Macculloch,* for the plaintiff in certiorari.

*Eakin,* for defendant.

The opinion of the court was delivered by

RYERSON, J. Among the objections to this recovery, it is urged that previous to the commencement of this action, but on the same day, the present plaintiff, the defendant below, instituted an action of debt before another Justice, against the defendant, Pennington, which was still pending at the time of the trial. I think this objection well taken. Our statute is peremptory. When a party is sued, he is not at liberty to bring a cross action for a demand which, as in this case, is the subject matter of a set-off. The set-off must be claimed as such, or the right to recover it, is barred. Nor does it make any difference which process was first returnable ; or which suit first progressed to judgment. A different rule would encourage a party defendant to evade the wholesome provision of the act, to prevent the multiplication of actions ; and excite a disgraceful scramble for jurisdiction. This point has already been so decided, in *Schenck* vs. *Schenck,* 5 *Halst.* 276, with regard to actions in the Higher Courts. The language of the act constituting the court for the trial of small causes, *Rev. Laws,* 632, 3, *sec.* 14, 15, is quite as strong on this subject, as is the general act " to enable mutual dealers to discount," *Rev. Laws,* 305, 7, *sec.* 11, and our

Johnson *v.* Pennington.

duty to enforce it quite as imperative. Against the conclusion, it was urged that the court would not regard the fraction of a day. This in general is true, but not in a case where attention to such fraction, is necessary to the due administration of justice: Lord MANSFIELD in *Coule* v. *Pitt,* 3 *Bur.* 1423, 43. But suppose we did not regard the fraction of a day ; then neither action would have the preference, and both must abate. *Chit. Pl. 1st vol.* 443, 3 *Bur.* 1423. It was further answered to this objection, that the error, if any, was committed by the Justice, and that this court could not look beyond the record of the Common Pleas. This is very true, if properly understood.— That court corrects the errors of the Justice, or ought to do it. If they improperly, or when legally called on, as in that case, refuse to do it, this court will correct *their* error therein, and not only reverse their judgment, but do what they ought to have done, in reversing the judgment of the Justice. But I wish to be distinctly understood ; where the error of the Justice is of such a nature as not to prevent a fair and proper trial on the merits, in the appellate court, such new trial should be had. But if the error ought to have arrested, or put an end to the action before the Justice, it ought equally to do it, in the court above. And in like manner, any other error of the Justice which could not be remedied on the second trial, should be fatal to the whole proceeding, and the parties should be left to proceed anew. By the proceedings in this cause, the defendant below was compelled, both by the Justice and the Common Pleas, to answer to an action, from which, by law, he ought to have been exonerated. Both judgments must therefore be reversed.

Several other reasons for reversal were urged, upon which I think proper to express no opinion. The most important of all is, the proof by a person not sworn before the Justice, of what two deceased witnesses said on the first trial. But I am by no means satisfied, that in this there was error.

*Judgment reversed.*

CITED in *Glover* v. *Collins,* 3 *Harr.* 236 ; *Ramsey* v. *Dumars,* 4 *Harr.* 68 ; *Vanvoy* v. *Givans,* 3 *Zab.* 203.